CIACCIO, Judge,
concurring.
I concur.
QRC entered into a contract with Gitz providing for the payment of a stipulated price for certain electrical work to be performed on the UNO job. The Legislature may not adopt any law which would relieve QRC of its contractual obligation to pay the stipulated price or which would release Gitz from its contractual obligations to perform the electrical work according to the plans and specifications. La. Const. Art. 1, Sec. 23.[1]
LSA-R.S. 9:2784 is not an attempt to violate the constitutional prohibition against impairing the obligation of contracts. It is a punitive statute that regulates the timely payment of the sub-contractor out of those funds the contractor receives as progress payments from the owner. It does not and cannot shift the risk of non-payment by the owner from the general contractor to the sub-contractor in the absence of specific language in the contract providing for that contingency.

. Art. 1, Sec. 23. No bill of attainder, ex post facto law, or law impairing the obligation of contracts shall be enacted.